UNITED STATES of America,

v.

Amrhu A. DYCE, Defendant.

Cr. No. 93–219.

United States District Court,
District of Columbia.

Oct. 27, 1994.

Leigh A. Kenny, Federal Public Defender for the District of Columbia, Washington, DC, for defendant.

Richard Lee Chamovitz and Edward G. Burley, U.S. Attorney's Office, Washington, DC, for the U.S.

### SENTENCING OPINION

SPORKIN, District Judge.

The matter is before the Court on the sentencing of Defendant Amrhu Dyce. On March 2, 1994, Defendant Dyce pled guilty to Count One of the Superseding Information, charging Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, 18 U.S.C. § 371. The maximum term of imprisonment for this offense, a class D felony, is five years pursuant to 18 U.S.C. § 371. Although the sentencing guideline range based on Defendant Dyce's total offense level of 32 and criminal history category of 1 is 121 to 151 months, the guideline sentence becomes 60 months (5 years) because the statutory maximum sentence is 5 years. U.S.S.G. § 5G1.1(a) (1994).

■ Section 5H1.6 of the Guidelines states that "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6 (1994). In this case, however, extraordinary family circumstances are presented.[1] The Defendant is a single mother with three children under the age of four years old, one of whom is three months old

---

1. Courts have recognized that extraordinary family circumstances can warrant a downward departure. *See, e.g., United States v. Rivera,* 994 F.2d 942, 953–54 (1st Cir.1993); *United States v. Johnson,* 964 F.2d 124, 129 (2d Cir.1992); *United States v. Alba,* 933 F.2d 1117, 1122 (2d Cir. 1991); *United States v. Pena,* 930 F.2d 1486, 1494–95 (10th Cir.1991); *United States v. Jackson,* 756 F.Supp. 23, 27–28 (D.C.C.1991) (Sporkin, J.)

and is being breast fed by the Defendant. At this point in time, the infant is totally dependent on the Defendant for nourishment. While these family circumstances do not decrease the Defendant's culpability for her crime, these family circumstances nevertheless play a role in the Court's consideration on sentencing. Causing the needless suffering of young, innocent children does not promote the ends of justice.

██ In sentencing, the Court must take into account the totality of the circumstances. Other circumstances in this case support the Court departing downward from the sentence guidelines. The Defendant in this case has no prior criminal record and no history of substance abuse. The Court finds that she is remorseful and that she does not pose a threat to society. She fully explained her role in this case which was essentially a transporter of drugs from New York to a designation in North Carolina. The Defendant's conduct was aberrational in character and she is capable of contributing to society in a meaningful manner.

While mindful of the seriousness of the crime committed by the Defendant, the Court finds that it is able to fashion a more appropriate sentence for the Defendant by departing downward from the sentence dictated by the guidelines.[2] Accordingly, the Court has fashioned a sentence of 60 months of probation with the probation to be conditioned as follows:[3]

(1) Defendant is to be placed in the "Young Mothers Program" in New York, New York for the first 24 month period of her probation where she will reside with her infant child.

(2) The next 12 months of her probation are to be spent in a community correction facility or halfway house.[4]

(3) Defendant shall participate in educational and vocational training as directed by the Probation Officer.

(4) Defendant shall not own or possess a firearm or destructive device.

(5) Defendant shall not use or possess any illegal drugs, nor associate with known drug dealers or be present where illegal drugs are used, sold, or distributed.

(6) The Defendant must comply with the standard conditions of probation.

(7) Defendant shall pay the special assessment of $50 imposed by the Judgment to be due immediately.

---

**2.** Equity also requires the Court to recognize that the new Safety Valve provision, which allows the Court to impose a sentence without regard to the statutory minimum sentence in certain circumstances, would have applied if the Defendant had pled guilty to a crime for which she was originally indicted, 21 U.S.C. § 841(a)(I) and § 841(b)(1)(A)(iii). *See* 18 U.S.C. § 3553(f).

**3.** See Judgment filed on October 20, 1994.

**4.** The Court's intent was to sentence the Defendant to a three year period of custodial confinement. Defendant Dyce could not be placed in the "custodial" programs which the Court found appropriate if the jurisdiction of the Bureau of Prisons was invoked through a "direct" sentence of imprisonment. Accordingly, the Court imposed the designated sentence.